UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. DANIEL HALLER and LONG ISLAND SURGICAL PLLC,<br><br>       Plaintiff,<br><br>– against –<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, 200 Independence Avenue SW, Washington, DC 20201, et al.,<br><br>       Defendants. | Case No. 21-cv-7208-AMD-AYS<br><br>**<u>ORDER TO SHOW CAUSE</u>** |

  Upon the Declaration of Dr. Daniel Haller, sworn to on March 25, 2022, and Plaintiffs' Memorandum of Law in Support of Their Motion for a Temporary Restraining Order and Preliminary Injunction, the Plaintiffs, Dr. Daniel Haller and Long Island Surgical PLLC ("Plaintiffs") hereby move by Order to Show Cause against Defendants, the Department of Health and Human Services, the Department of Labor, the Department of the Treasury, the Office of Personnel Management, Xavier Becerra in his official capacity as the Secretary of Health and Human Services, Janet Yellen in her official capacity as the Secretary of the Treasury, Martin J. Walsh in his official capacity as the Secretary of Labor, and Kiran Ahuja in her official capacity as the Director of the Office of Personnel Management (collectively "Defendants"), for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65, for the reasons that (1) provisions of the No Surprises Act, Pub. L. 116-260 (the "Act"), specifically 42 U.S.C. § 300gg-111(c), 42 U.S.C. § 300gg-131 and 42 U.S.C. §300gg-132, are illegal and unconstitutional, and that an injunction should be issued prohibiting the implementation, enforcement, or otherwise carrying out these provisions of the Act, and (2) pursuant to the Administrative Procedure Act,

specific provisions of the interim final rule implementing the Act, entitled "Requirements Related to Surprise Billing; Part II," 86 Fed. Reg. 55,980 (Oct. 7, 2021) should be vacated, specifically, 45 C.F.R. § 149.510(a)(2)(v); 45 C.F.R. § 149.510(a)(2)(viii); the second and third sentences of 45 C.F.R. § 149.510(c)(4)(ii)(A); the final sentence of 45 C.F.R. § 149.510(c)(4)(iii)(C); 45 C.F.R. § 149.510(c)(4)(iv); and 45 C.F.R. § 149. 510(c)(4)(vi)(B); 26 C.F.R. § 54.9816-8T(a)(2)(v); 26 C.F.R. § 54.9816-8T(a)(2)(viii); the second and third sentences of 26 C.F.R. § 54.9816-8T(c)(4)(ii)(A); the final sentence of 26 C.F.R. § 54.9816-8T(c)(4)(iii)(C); 26 C.F.R.; § 54.9816-8T(c)(4)(iv); and 26 C.F.R. § 54.9816-8T(c)(4)(vi)(B); 29 C.F.R. § 2590.716-8(a)(2)(v); 29 C.F.R. § 2590.716-8(a)(2)(viii); the second and third sentences of 29 C.F.R. § 2590.716-8(c)(4)(ii)(A); the final sentence of 29 C.F.R. § 2590.716-8(c)(4)(iii)(C); 29 C.F.R. § 2590.716-8(c)(4)(iv); and 29 C.F.R. § 2590.716-8(c)(4)(vi)(B) (the "Rule"), and the Court having reviewed the Complaint, supporting Declaration, and the papers submitted therewith,

       IT IS HEREBY ORDERED that

1. Plaintiffs' *ex parte* application for a temporary restraining order and order to show cause why Defendants should not be preliminarily enjoined from implementing, enforcing, or otherwise carrying out the specific provisions of the Act and the Rule set forth above, is GRANTED;

2. Sufficient reason having been shown therefore, pending the hearing of the Plaintiffs' application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants ARE TEMPORARILY RESTRAINED from implementing, enforcing, or otherwise carrying out the specific provisions of the Act and the Rule set forth above;

3. Defendants show cause on the ___ day of _____, 2022 at ___:___ __.m. or as soon thereafter as counsel can be heard, in Courtroom _____ in the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, why an Order pursuant to Federal Rule of Civil Procedure 65 should not be entered granting Plaintiffs a preliminary injunction enjoining Defendants, during the pendency of this action, from implementing, enforcing, or otherwise carrying out the specific provisions of the Act and the Rule set forth above; and

4. Plaintiffs' counsel shall serve a copy of this order on the Defendants by personal delivery or electronic communication on or before the _____ day of _____, 2022;

5. Defendants shall respond by submitting opposition papers on or before the _____ day of _____, 2022;

6. Plaintiffs shall submit their reply papers on or before the _____ day of _____, 2022.

Dated: this ___ day of _____, 2022

SO ORDERED:

_____
Hon. Ann M. Donnelly, U.S.D.J.

3