UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. DANIEL HALLER and LONG ISLAND SURGICAL PLLC,<br><br>       Plaintiff,<br><br> – against –<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, 200 Independence Avenue SW, Washington, DC 20201, et al.,<br><br>       Defendants. | Case No. 21-cv-7208-AMD-AYS<br><br>**NOTICE OF MOTION FOR<br>PRELIMINARY INJUNCTION** |

  Upon the Declaration of Dr. Daniel Haller, sworn to on March 25, 2022, and Plaintiffs' Memorandum of Law in Support of Their Motion for a Temporary Restraining Order and Preliminary Injunction, the Plaintiffs, Dr. Daniel Haller and Long Island Surgical PLLC ("Plaintiffs") hereby move pursuant to Federal Rule of Civil Procedure 65 against Defendants, the United States Department of Health and Human Services, Xavier Becerra in his official capacity as the Secretary of Health and Human Services, the United States Office of Personnel Management, Kiran Ahuja in her official capacity as the Director of the Office of Personnel Management, the United States Department of Labor, Martin J. Walsh in his official capacity as the Secretary of Labor, the United States Department of the Treasury, and Janet Yellen in her official capacity as the Secretary of the Treasury (collectively the "Defendants"), for a Preliminary Injunction enjoining Defendants, during the pendency of this action, from implementing, enforcing, or otherwise carrying out:

  (1) the No Surprises Act, Pub. L. 116-260 (the "Act"), specifically: 42 U.S.C. § 300gg-111(c), 42 U.S.C. § 300gg-131 and 42 U.S.C. §300gg-132, and

(2) pursuant to the Administrative Procedure Act, provisions of the interim final rule implementing the Act, entitled "Requirements Related to Surprise Billing; Part II," 86 Fed. Reg. 55,980 (Oct. 7, 2021), specifically: 45 C.F.R. § 149.510(a)(2)(v); 45 C.F.R. § 149.510(a)(2)(viii); the second and third sentences of 45 C.F.R. § 149.510(c)(4)(ii)(A); the final sentence of 45 C.F.R. § 149.510(c)(4)(iii)(C); 45 C.F.R. § 149.510(c)(4)(iv); and 45 C.F.R. § 149. 510(c)(4)(vi)(B); 26 C.F.R. § 54.9816-8T(a)(2)(v); 26 C.F.R. § 54.9816-8T(a)(2)(viii); the second and third sentences of 26 C.F.R. § 54.9816-8T(c)(4)(ii)(A); the final sentence of 26 C.F.R. § 54.9816-8T(c)(4)(iii)(C); 26 C.F.R.; § 54.9816-8T(c)(4)(iv); and 26 C.F.R. § 54.9816-8T(c)(4)(vi)(B); 29 C.F.R. § 2590.716-8(a)(2)(v); 29 C.F.R. § 2590.716-8(a)(2)(viii); the second and third sentences of 29 C.F.R. § 2590.716-8(c)(4)(ii)(A); the final sentence of 29 C.F.R. § 2590.716-8(c)(4)(iii)(C); 29 C.F.R. § 2590.716-8(c)(4)(iv); and 29 C.F.R. § 2590.716-8(c)(4)(vi)(B).

Dated: White Plains, New York
      April 4, 2022

**ABRAMS FENSTERMAN, LLP**

By: */s/ Robert A. Spolzino*
    Robert A. Spolzino
    Edward A. Smith
    Justin Kelton
    Mordecai Geisler
    One Metrotech Center, Suite 1700
    Brooklyn, NY 11201
    (718) 215-5300
    *Attorneys for Plaintiffs*