**THE WILDER LAW FIRM**
301 West 57 Street, Suite 19B
New York, NY 10019
Phone (212) 951-0042
Email: nick@wilder.law

September 4, 2024

<u>**VIA ECF**</u>
Ann M. Donnelly
United States District Judge
United States District Court
for the Eastern District of New York
225 Cadman Plaza East, Courtroom 4G
Brooklyn, New York 11201

   Re: **Letter Concerning Filing of Complaint**
    *Haller et. al. v. US Dept. of Health & Human Services et al.,* 2:21-CV-07208

To the Court:

  I am counsel for plaintiffs in the above-captioned matter. I write this letter to notify the Court that we have decided it is in the plaintiffs' best interest to file a new complaint; rather than trying to amend the complaint filed by prior counsel, Abrams Fensterman ("prior counsel"). I wanted to respectfully notify the Court of this decision[1]. I apologize for any inconvenience. In an abundance of caution, I am setting forth the following to be clear, as well as to ask the Court for instructions regarding procedure.

  In this Court's August 22, 2022, Decision and Order, the Court dismissed the entire complaint with prejudice, except for the due process claim, which was dismissed "without prejudice", in the Conclusion (as unripe, the complaint having been filed before the No Surprises Act even took effect). See Exhibit A. On appeal, the Court of Appeals, Second Circuit, in its March 27, 2023, Summary Order found the claim for violation of Article III and the Seventh Amendment to have been abandoned by prior counsel; but held "we vacate and remand with instructions to dismiss Appellant's Article III and Seventh Amendment claims without prejudice to allow Appellants to plead such claim if they so choose." See Exhibit B, P. 3, lines 12-15

  I originally had contemplated an amended complaint rather than a new complaint, as a matter of habit. I have never had an entire complaint dismissed as was prior counsel's. But I thought amending was simpler. It isn't. Prior counsel's complaint was too poorly drafted to amend. There are other reasons why a new complaint is preferable, and since both Orders involved dismissal "without prejudice", respectfully, it is plaintiff's prerogative to choose to file a new complaint when complete.

---

[1] I made a phone call to counsel for the Department of Justice, Ms. Anna Lynn Deffebach, to inform of her of our intent to file a new complaint (and made no request of her), and she expressed no opinion on the matter.

When this Court called for a status conference several months ago, the Department of Justice and I agreed on a briefing schedule to file an amended complaint. Due to my having repeated health issues, the DOJ graciously and courteously consented to extension and this Court graciously and courteously ordered them. The scheduling Orders' deadlines do not make any notations warning of dismissal with prejudice, if not met, or otherwise prevent filing of a new complaint without any res judicata effect on the "without prejudice" claims[2]. And again, there is no underlying *operative pleading* to dismiss; this Court dismissed the pleading, including the due process claim but *without prejudice*; and the Second Circuit ordered one claim to be remanded for dismissal *without prejudice.*

I realized that since the Second Circuit held "*we vacate and remand* with instructions to dismiss Appellant's Article III and Seventh Amendment claims without prejudice to allow Appellants to plead such claim if they so choose", respectfully, in accordance with those instructions there needs to be an Order which does so, following the Second Circuit's language.

What remains is that there is a briefing schedule -- which is an Order (upon our request). As stated, I believe nothing hinders our filing a complaint when complete instead; but I am unclear whether we may leave the previously requested briefing schedule as nugatory, or the Court simply vacates the briefing schedule with no prejudicial language, or we need to file a letter-motion to vacate the briefing schedule without any prejudicial or res judicata effect. I do not believe a motion is required. I respectfully request guidance from the Court on this question (or whether the Court takes issue with any of what I have set forth above).

Thank you.

Respectfully submitted,

Nick Wilder, Esq.
THE WILDER LAW FIRM
301 West 57 Street, Suite 19B
New York, NY 10019
Phone: (212) 951-0042
Email: nick@wilder.law

---

[2] See *Choice Hotels Intern., Inc. v. Goodwin and Boone*, 11 F. 3d 469, 472 and 474 (4th Circuit 1993)(Exhibit C) which is not squarely on point but of significant relevance (dismissal of complaint with leave to file a new complaint within 30 days, if a settlement were not reached, did not prevent plaintiff from filing a new complaint at a later time, as the 30 days did not *explicitly* state that to do otherwise would result in dismissal with prejudice). See also *Blue Ridge Investments, LLC v. Republic of Argentina*, 902l F. Supp. 2nd 367 (S.D.N.Y. 2012) (same principal holding, at page 384-386)(Exhibit D). Here the prior counsel's complaint has already been dismissed, with one claim without prejudice. And the Second Circuit remanded to dismiss another claim, without prejudice. More to the point, in so far as the briefing schedule Order is concerned, plaintiffs may choose to file a new complaint when ready, instead of an amended complaint by a certain date. The briefing schedule Orders do not include any language stating that not abiding by them would result in dismissal with prejudice (which could result in res judicata effect).

CC via NYSCF
Anna Lynn Deffebach
DOJ-Civ
Civil Division- Federal Programs Branch
1100 L ST NW Ste L st 12104
Washington, DC 20005
202-993-5182
Email: anna.l.deffebach@usdoj.gov