IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. DANIEL HALLER and LONG ISLAND SURGICAL PLLC,<br><br>*Plaintiffs*,<br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES *et al.*,<br>*Defendants*. | **NOTICE OF VOLUNTARY DISMISSAL**<br><br>No. 21-cv-7208-AMD |

PLEASE TAKE NOTICE, pursuant to Federal Rules of Civil Procedure §41(a)(1)(A)(i), plaintiffs, through their attorneys, The Wilder Law Firm, voluntarily dismiss the above-captioned action, as follows: Consistent with the August 10, 2022 Decision and Order of the United States District Court for the Eastern District Of New York (Hon. Ann Donnelly)[1], the original complaint filed December 31, 2021, is dismissed with prejudice, *except* for several claims which are dismissed *without prejudice*. Count III, pleading that the No Surprises Act ("NSA") denies plaintiffs their Due Process rights under the Fifth Amendment to the United States Constitution was and is dismissed *without prejudice*. Consistent with the United States Court of Appeals for the Second Circuit's January 23, 2024, Summary Order[2] vacating the District Court's 2022 Order dismissing, with prejudice, Count II, which plead that the NSA violates Article III of the Constitution and the Seventh Amendment, and the Second Circuit Order which "remand[ed]

---

[1] *Haller v. US Department of Health and Human Services, et al*. 621 F.Supp.3d 343 (EDNY, 2022).

[2] *Haller v. US Department of Health and Human Services, et al*. (No-22-3054), (2nd Cir., January 23, 2024).

1

with instructions to dismiss Appellants' [plaintiffs'] Article III, and Seventh Amendment claims if they so choose" Count II is dismissed *without prejudice*[3].

In addition, Count V of the original complaint, concerning the presumption and primacy of the Qualifying Payment Amount ("QPA"), was not addressed by the District Court's 2022 Decision and Order, and not dismissed with prejudice, as the Departments' Rules treatment of the "QPA" was deemed in violation of the NSA under the Administrative Procedure Act, in the "Texas cases" ("TMA I") [4] and the Departments were, at that time, redrafting the Rules. As these Rules have been rewritten, challenged again, and the presumption, or effective primary of the QPA has been stricken in decisions ("TMA II-III")[5] upheld by the Fifth Circuit Court of Appeals[6], with force in all districts, Count V and similar claims under the APA are dismissed *without prejudice.*

Additionally, the original complaint is voluntarily dismissed without prejudice to file any *new* claims in a new complaint.

---

[3] Although the Second Circuit's Order vacated the dismissal of that count and instructed the District Court to dismiss the claim without prejudice, the District Court did not yet have to opportunity to do so. However, the Second Circuit's mandate is in force.

[4] *Tex. Med. Ass'n v. HHS*, 587 F. Supp. 3d 528, 543 (E.D. Tex. 2022) (*TMA I*).

[5] *Tex. Med. Ass'n v. HHS*, No. 6:22-cv-372-JDK, 2023 WL 1781801, (E.D. Tex. Feb. 6, 2023) and *Tex. Med. Ass'n v. HHS,* No. 6:22-cv-450-JDK (E.D. Tex. Nov. 30, 2022), respectively.

[6] *Texas Medical Association, et al. v. United States Department of Health and Human Services*, et al. (No 23-40217)(5th Cir., Aug. 2, 2024).

New York, NY
September 8, 2024

/S/ Nick Wilder, Esq.
The Wilder Law Firm
301 West 57 Street, Suite 19B
New York, NY 10019
(212) 951-0042
nick@wilder.law
*Counsel for Plaintiffs*